# Hagos v. Reading Transit & Light Co., Appellant (No. 1).

*Negligence—Street railways—Injury to child—Conflicting testimony—Case for jury.*

In an action against a street railway company to recover damages for personal injuries to a child seven years old, the case is for

the jury, and a verdict and judgment for the plaintiff will be sustained where it appears from the way in which the case was developed at the trial, that the jury had as much right to infer that the accident was the result of the motorman not watching the street ahead of him, as to infer, in the absence of any evidence of exactly what the circumstances were, that the child darted out in front of the car.

Argued Nov. 13, 1916. Appeals, Nos. 354 and 355, Oct. T., 1916, by defendant, from judgment of C. P. Berks Co., Jan. T., 1915, No. 18, on verdict for plaintiff in case of Julia Hagos by her next friend and father, Stefan Hagos, and the said Stefan Hagos v. Reading Transit & Light Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child seven years old. Before ENDLICH, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for Julia Hagos for $1,245.83, and for Stefan Hagos $800. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*C. H. Ruhl,* with him *J. A. Keppelman,* for appellant.

*John B. Stevens,* for appellees.

OPINION BY WILLIAMS, J., March 13, 1917:

The only question in this appeal is whether there was made out a case of negligence, on the part of the defendant, which justified the court below in submitting the question to the jury.

Taking into consideration all the evidence adduced by both plaintiff and defendant, which it had a right to do: Husvar v. Delaware, Lackawanna and Western R. R. Co., 232 Pa. 278; the jury could well have found that the

motorman could have seen the children were about to cross, or were crossing, the defendant's tracks in time to prevent the accident. The appellant's contention, that the evidence shows that the negligence of the defendant had been made a mathematical impossibility, cannot be sustained. It is as possible that the car was going slowly, and under control, as testified to by the motorman, as that it was going fast, and if it was going slowly, that there was plenty of time for running or walking children to get on the tracks at the crossing ahead of the car. The statement of the motorman, that he had slowed up twice, before arriving at the west crossing of Third street where it crossed Washington street, to avoid the danger of running into men who were attempting to cross, might have been believed by the jury. He was asked: "Did you see any children when you got to the west crossing? A.— Not until I took my attention from the man crossing on the lower crossing, then I saw the children in the street."

In Tate v. Philadelphia Rapid Transit Co., 244 Pa. 74, there was practically no evidence of the direct circumstances of the car striking the seven-year-old plaintiff, but the basis of the recovery was the negligence of the motorman in not watching the track ahead of him. MESTREZAT, J., said (79) : "With his car under proper control, he could easily have prevented the collision with the children crossing on the south side of Tioga street if, after glancing along Tioga street, he had used his eyes and looked along the track in front of him." It follows that in this case the jury had as much right to infer that the accident was the result of the motorman not watching the street ahead of him, as to infer, in the absence of any evidence of exactly what the circumstances were, that the children darted out in front of the car.

We are of opinion that this is one of the cases in which the jury must be permitted to gather the truth as best it may from conflicting testimony.

The judgment is affirmed.